IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN GABRIEL RIOS, Institutional ID No. 11061 | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-266-BQ |
| STATE OF TEXAS, *et al.*, | § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff John Gabriel Rios filed this action under 42 U.S.C. § 1983, claiming violations of his constitutional rights based on a September 3, 2022 arrest and subsequent detention. Compl. 5, ECF No. 1.[1] The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 17. The undersigned thereafter reviewed Rios's Complaint, as well as authenticated records from Lynn County, and ordered Rios to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF No. 23. Rios completed and returned the questionnaire. ECF No. 32.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following findings and conclusions and recommends that the district judge dismiss all of Rios's claims, except those for false arrest, unlawful detention, and conspiracy. As to Rios's false arrest, unlawful detention, and

---

[1] Page citations to Rios's Complaint refer to the electronic page number assigned by the Court's electronic filing system.

conspiracy claims, the undersigned recommends that the district judge stay and administratively close those claims until Rios's state criminal charges are resolved.

## I.     Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements

of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Rios's Allegations and the Authenticated Records

Rios asserts claims against the following Defendants: (1) State of Texas; (2) Lynn County Sheriff's Office (LCSO); (3) LCSO Officer Joshua Rocha; (4) LCSO Officer Katrina White, Lynn County Jail Administrator; (5) LCSO Sheriff Wanda Mason; (6) LCSO Officer J. Harrison, jailor; (7) LCSO Officer Fernando Portillo, jailor; (8) LCSO Lt. Alvarez; (9) LCSO Officer Aaron Vasquez, jailor; (10) LCSO Officer Ann Barrientez, jailor; and (11) LCSO Officer Alvarez, jailor. Compl. 3–4.

Rios alleges that on September 3, 2022, Officer Rocha falsely arrested him. *Id.* at 5; Questionnaire 1, ECF No. 32. According to Rios, Officer Rocha "did not have a warrant" to arrest him, nor did Rocha "go to the district court and file a complaint with the clerk . . . before . . . taking [Rios] into custody." Questionnaire 1. Officer Rocha allegedly transported Rios to the Lynn County Jail (Jail), where Officers Rocha, Barrientez, Vasquez, Portillo, Harrison, and Alvarez, as well as Lt. Alvarez, Administrator White, and Sheriff Mason, falsely detained Rios and subjected him to unlawful conditions of confinement.[2] Compl. 6–8; Questionnaire 3, 5–7.

---

[2] The Court specifically asked Rios to affirm whether he was alleging any other claim against Officer Rocha, other than the false arrest claim. Questionnaire 3. Rios confirmed that he asserts "a false imprisonment" claim, as well as allegations raised in other actions. *Id.*

Rios further contends that all Defendants conspired to violate his constitutional rights. Questionnaire 12–13; *see* Compl. 3. Rios asserts that the State of Texas, LCSO, and Sheriff Mason are responsible for the foregoing constitutional violations under a theory of vicarious liability. *See* Questionnaire 9–12; *see* Compl. 3.

Rios seeks monetary damages, "exonerations of all claims of interest tangible or intangible," "complete dissolution of the State of Texas government organization," and "20 years for all known committing the violation." Compl. 5–8.

### B. Some relief sought by Rios—exoneration and filing criminal charges against Defendants—is unavailable in this § 1983 action.

To the extent Rios asks this Court to dismiss the pending state criminal charges against him or to otherwise exonerate him (*id.* at 6), he must pursue such relief through a petition for a writ of habeas corpus.[3] *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (providing that a habeas petition "is the proper vehicle to seek release from custody"); *Newman v. Reed*, No. 3:18-CV-2679-N-BH, 2019 WL 652963, at *1–2 (N.D. Tex. Jan. 10, 2019) (recognizing plaintiff failed to state a claim upon which relief could be granted in seeking dismissal of his state criminal case under § 1983, explaining that plaintiff could "only obtain declaratory or monetary relief in [a] § 1983 action"), *R. & R. adopted by* 2019 WL 652471 (N.D. Tex. Feb. 15, 2019).

Rios also possesses no right to have someone criminally prosecuted, and he cannot enforce criminal statutes through a civil request for relief.[4] *See, e.g.*, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (stating that there is no "constitutional right to have someone criminally

---

[3] The Court does not construe Rios's request as a habeas petition because he clearly filed this action under § 1983. *See* Compl. 1–8.

[4] For this reason, any purported claims based on violations of the Texas Penal Code or federal criminal statutes are frivolous and should be dismissed. *See id.* at 3–4; Questionnaire 11.

4

prosecuted"); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("Simply, a private citizen cannot enforce criminal statutes in a civil action.").

The undersigned therefore recommends the district judge dismiss the foregoing claims for relief. Thus, the only potentially viable relief Rios seeks is monetary damages.[5] Compl. 5–8.

**C. The Lynn County Sheriff's Office lacks the capacity to be sued.**

Rios names LCSO as a Defendant. *Id.* at 1; Questionnaire 9. Because LCSO is a non-jural entity, Rios cannot state a cognizable claim against it.

"Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases for support); *see Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'"). Rios has not pleaded any facts demonstrating a grant of jural authority to LCSO. Questionnaire 10. On this basis alone, the district judge should dismiss LCSO. *See, e.g., Mitchell v. Denton Cnty. Sheriff's Office*, No. 4:18-CV-00343-RAS-CAN, 2021 WL 4025800, at *6–7 (E.D. Tex. Aug. 6, 2021) (concluding Denton County Sheriff's Office, a non-jural entity, should be dismissed, where plaintiff "ha[d] not alleged that the [it] ha[d] been granted the power to sue or be sued"), *R. & R. adopted by* 2021 WL 3931116 (E.D. Tex. Sept. 1, 2021); *Rambo v. Valdez*, No. 3:16-CV-002-O, 2016 WL 4398969, at

---

[5] Rios also seeks injunctive relief in the form of dissolving the Texas government. Compl. 5–8. During Texas's storied history, six flags have flown over its "Empire wide and glorious." William J. Marsh & Gladys Yoakum Wright, *Texas, Our Texas* (1924). Rios cites no authority supporting the proposition this Court can order dissolution of Texas's current government. For this reason, among others, the Court declines the invitation and thereby obviates the need for possibly adding a seventh.

*2 (N.D. Tex. May 6, 2016) (recommending dismissal of non-jural entities, including the Dallas County Sheriff's Office).

In addition, the Court observes that LCSO cannot be liable for the actions of its employees, e.g., those working in the department, because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). The undersigned therefore recommends the district judge dismiss as frivolous and with prejudice any claim against LCSO.

**D. The State of Texas enjoys sovereign immunity.**

Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2017). Neither states nor state agencies are "persons" against whom a § 1983 claim can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *see Will*, 491 U.S. at 65–66 ("Our conclusion that a State is not a 'person' within the meaning of § 1983 is reinforced by Congress' purpose in enacting the statute."). As such, the State of Texas is not a proper Defendant in this § 1983 action. Further, the doctrine of sovereign immunity bars Rios's claims against the State of Texas, "regardless of whether [he] seeks damages or injunctive relief." *Gutierrez v. State of Texas*, No. 3:16-CV-310-B, 2016 WL 3681414, at *2 (N.D. Tex. May 11, 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984)), *R. & R. adopted by* 2016 WL 3676586 (N.D. Tex. July 6, 2016); *see Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Eleventh Amendment immunity applies to all suits brought against States and their agencies . . . regardless of the relief sought." (internal quotation marks and citation omitted)); *Jennings v. Abbott*, 538 F. Supp. 3d 682, 691 (N.D. Tex. 2021) ("The State of Texas has not waived its sovereign immunity from section 1983 claims.").

Accordingly, Rios's § 1983 claims against the State of Texas should be dismissed. *See Swisher v. Tex. Workers*, Nos. 93-2388, 93-02591, 93-2655, 1994 WL 733517, at *1 (5th Cir. Dec. 30, 1994) (per curiam) (affirming district court's dismissal of the State of Texas as a defendant and noting that Texas "is not a 'person' that can be liable under § 1983").

### E. The district judge should stay Rios's false arrest, unlawful detention, and conspiracy claims pending resolution of his state criminal charges.

Rios contends that Officer Rocha falsely arrested him on September 3, 2022. Compl. 5; Questionnaire 1–2. Although unclear, Rios appears to allege that the arrest was unlawful because Officer Rocha (1) "did not have a warrant for [Rios] describing as near as possible," (2) did not "file a complaint with the clerk," and (3) had no "record for a conviction" for which Rios was to serve jail time. Questionnaire 1. Rios alleges that Officer Rocha transported him to the Jail, where Officers Rocha, Barrientez, Vasquez, Portillo, Harrison, and Alvarez, as well as Lt. Alvarez, Administrator White, and Sheriff Mason falsely detained him. Compl. 3–4, 6–8; Questionnaire 5, 7. Finally, Rios asserts that Defendants conspired to violate his constitutional rights by continuing to prosecute him and "assisting [Officer] Rocha in the false imprisonment." Questionnaire 12–13.

Rios acknowledges, and the authenticated records confirm, that as a result of the September 3 arrest, he was charged with, *inter alia*, possession of a controlled substance.[6] *Id.* at 2; *see* Compl. 10. Rios appeared before a state court magistrate judge the same day, who set bail at $5,000 on that charge. Questionnaire 2; Compl. 10, 17.

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff seeking to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid" must first prove that "the conviction or sentence has been reversed on direct

---

[6] Officer Rocha also arrested him for resisting arrest, search, or transport and interference with public duties. Questionnaire 2. According to Rios, those two charges are "not being continued." *Id.*

7

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). Where a favorable judgment in the civil-rights action would "necessarily imply the invalidity of [a prisoner's] conviction or sentence" in his criminal case, the civil claim is barred unless the criminal conviction has been reversed or otherwise declared invalid. *Id.* at 487; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("When a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence*" and if it does, "the claim is barred." (internal quotation marks and citation omitted)).

Generally, *Heck* does not apply to pending criminal charges. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *DeLeon*, 488 F.3d at 655. Still, where *Heck* has possible future application, the court should stay the civil-rights action pending the outcome of the criminal case. *Wallace*, 549 U.S. at 393–94 ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."); *see Busick v. City of Madison*, 90 F. App'x 713, 713–14 (5th Cir. 2004) (per curiam) (finding that the lower court should have stayed plaintiff's § 1983 claims pending resolution of his criminal proceedings because it was impossible to determine whether the civil claims necessarily implicated the validity of any conviction or sentence the plaintiff might receive); *see also Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (providing that although the *Younger* abstention doctrine does not apply to claims for monetary damages, "the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference"). This is because "until the pending criminal case has run its course, . . . it may be

8

difficult to determine the relation, if any, between the" § 1983 claim and the criminal charge. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (stating that if it is "premature to determine whether or not [plaintiff's] damages claims are barred under *Heck*," "[t]he court may—indeed should—stay proceedings in the section 1983 case until" conclusion of the criminal proceedings).

Rios's false arrest, unlawful detention, and conspiracy claims "relate to rulings that will likely be made" in his pending criminal case (*Wallace*, 549 U.S. at 393), resulting in such claims potentially being *Heck*-barred. *See, e.g.*, *Profit v. Ouachita Par.*, 411 F. App'x 708, 708–09 (5th Cir. 2011) (per curiam) (approving district court's stay of plaintiff's § 1983 claims attacking the "the legality of [his] . . . arrest, prosecution, and detention" "until the alleged improper state criminal prosecution was concluded"); *Diaz v. Ellis Cnty. Jail*, No. 3:23-CV-402-E-BK, 2023 WL 3395129, at *2 (N.D. Tex. Apr. 4, 2023) (recommending the district judge stay plaintiff's "claims that [d]efendants allegedly falsely arrested him and t[a]mpered with the evidence" until state criminal proceedings resolve), *R. & R. adopted by* 2023 WL 3400522 (N.D. Tex. May 11, 2023); *Hunter v. Watkins*, No. 3:14–CV–1894–B–BH, 2015 WL 505430, at *4 (N.D. Tex. Jan. 22, 2015) (providing that plaintiff's allegation that officer "prepared a false police document in order to have him arrested and engaged in a conspiracy to file a false criminal case against him" must be stayed pending the outcome of state criminal proceedings against plaintiff), *R. & R. adopted by* 2015 WL 509360 (N.D. Tex. Feb. 6, 2015). The undersigned therefore recommends that the district judge stay Rios's false arrest, unlawful detention, and conspiracy claims until the state criminal charges are resolved.

9

**F. Rios has not pleaded adequate facts showing that Defendants housed him in unconstitutional conditions of confinement.**

Rios asserts that Defendants "subject[ed] [him] to bodily injury through living conditions" while at the Jail between September 3 and December 11, 2022. Compl. 6; Questionnaire 6–7. The Court asked Rios to "[s]pecifically describe the living conditions that alleged[ly] caused [him] bodily injury," but Rios provided no facts in support. Questionnaire 7. Instead, he stated:

> I was disabled as a person subject to the discretion of Lynn County Sheriff's Office employee's rules, policies, meal plan, hygiene, foreign bank account, phone system, commissary, camera system, protected computers, weapons used to keep me restrained. I was not innocent until proven guilty I was serving a sentence for a crime that had no conviction. I was taken away from my family, subject to the life of pain and suffering trying to cure a sickness that was not found, subject to the mental knowledge of it all at the moment and then having to endure the mutation of the living conditions.

*Id.* (brackets omitted).

The Constitution "prohibits the imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (quoting *Bell v. Wolfish*, 441 US. 520, 535 (1979)). Where the challenged "restriction or condition is not reasonably related" "to a legitimate governmental objective," courts "may infer" a punitive purpose. *Bell*, 441 U.S. at 539. Nevertheless, de minimis restrictions do not amount to punishment, no matter a defendant's intent. *See id.* at 539 & n.21 (defining "punishment" to include "arbitrary or purposeless" action but noting that there is "a *de minimis* level of imposition with which the Constitution is not concerned"); *Hamilton*, 74 F.3d at 106 (affirming dismissal of detainee's conditions of confinement claim, where he was subjected to a "*de minimis* level of imposition" such that the conditions did not amount to punishment). To establish a viable conditions of confinement claim, a detainee must demonstrate: "(1) a rule or restriction or . . . the existence of an identifiable intended condition or practice . . . or that the jail official's acts or

omissions were sufficiently extended or pervasive'; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [the detainee's] constitutional rights." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (brackets, internal quotation marks, and citation omitted).[7]

Rios generally complains about conditions at the Jail, but he pleads no supporting facts showing Defendants subjected him to *unlawful* conditions. *See* Questionnaire 7. Rios's vague and conclusory assertions are insufficient to implicate the Constitution. *See DeMarco v. Davis*, 914 F.3d 383, 386–87 (5th Cir. 2019) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010))); *Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (per curiam) (holding that vague and conclusory assertions provide an insufficient basis for § 1983 claims); *Thompson v. Fourth Jud. Dist. Ct., Ouachita Par.*, No. 3:12–cv–1645, 2012 WL 6600338, at *3 (W.D. La. Sept. 25, 2012) (explaining that "in order to be afforded the benefits of th[e] assumption [that plaintiff's factual allegations are true,] a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations").[8] As such, the undersigned recommends the district judge dismiss his claim.

---

[7] Based on Rios's allegations, the Court construes his assertions as a conditions of confinement claim, rather than one based on an episodic act or omission. *See, e.g., Estate of Henson v. Wichita Cnty.*, 795 F.3d 456, 463 (5th Cir. 2015) (explaining that "[a]n episodic-acts-or-omissions claim . . . faults specific jail officials for their acts or omissions," while "[a] challenge to a condition of confinement is a challenge to general conditions, practices, rules, or restrictions of pretrial confinement" (internal quotation marks and citations omitted)). Regardless of the legal theory, however, Rios's claim is conclusory and should therefore be dismissed.

[8] To the extent Rios's questionnaire responses may be construed as raising First Amendment, "Fourth Amendment inside the Jail," involuntary servitude, or excessive bail claims, they fail for the same reason. Questionnaire 7. Any speedy trial claim is likewise without merit. *See Rayford v. Dall. Cnty. Sheriff's Dep't*, No. 3:14–CV–486–L, 2014 WL 1318447, at *2 (N.D. Tex. Mar. 28, 2014) (providing that a § 1983 plaintiff must first raise a speedy trial claim in the state trial court by filing a motion, "and then by petition for writ of mandamus in the Texas Court of Criminal Appeals" (citing *Chapman v. Evans*, 744 S.W.2d 133, 135–38 (Tex. Crim. App. 1988))); *see also Kimble v. Par. of Jefferson*, No. 21-409, 2021 WL 6618459, at *9 (E.D. La. Nov. 3, 2021) ("[W]hen a detainee like [plaintiff] seeks 'to enforce the state's obligation to bring him promptly to trial,' that relief is available only through habeas corpus proceedings." (quoting *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976))), *R. & R. adopted by* 2022 WL 185197 (E.D. La. Jan. 20, 2022), *aff'd*, 2023 WL 1793876 (5th Cir. Feb. 7, 2023).

### III.    Recommendation

For these reasons, the undersigned recommends that the United States District Judge dismiss with prejudice Rios's following claims—those: (1) for unconstitutional conditions of confinement; (2) against the LCSO; (3) against the State of Texas; (4) requesting exoneration; and (5) asserted under criminal statutes and that seek prosecution of Defendants. As to Rios's claims for false arrest, unlawful detention, and conspiracy against Defendants Officer Rocha, Officer White, Sheriff Mason, Officer Harrison, Officer Portillo, Lt. Alvarez, Officer Vasquez, Officer Barrientez, and Officer Alvarez, the undersigned recommends that the district judge stay them pending resolution of Rios's state criminal charges. The undersigned recommends that the district judge direct the Clerk of Court to close this action for administrative purposes and require Rios to file a motion to reopen the case within sixty days of the date that the state criminal proceedings are no longer pending.

### IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 29, 2023.

_____
**D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE**